FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 MAR 10 PM 12: 37
CLERK R.Ouk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHEDRICK O'NEAL DAVIS,

  Petitioner,

vs.   CIVIL ACTION NO.: CV207-130

DEBORAH HICKEY, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Shedrick Davis ("Davis"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Davis has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Davis pleaded guilty in the Northern District of Georgia to: one count of armed bank robbery, in violation of 18 U.S.C. § 2113; one count of carrying a firearm during the commission of the armed bank robbery, in violation of 18 U.S.C. § 924; and one count of carrying a firearm in relation to another bank robbery, also in violation of 18 U.S.C. § 924. (Resp't's Ex. A). Davis was sentenced to 51 months' imprisonment on the armed bank robbery count, 60 months' imprisonment on the first firearms count, and

129 months' imprisonment on the second firearms count, to be served consecutively, for a total term of 240 months' imprisonment. Davis filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences. United States v. Davis, 109 F.3d 769 (11th Cir. 1997)(Table).

Davis filed a motion in the Northern District of Georgia to vacate his sentence pursuant to 28 U.S.C. § 2255. The Northern District of Georgia denied Davis' motion, and the Eleventh Circuit dismissed his appeal based on Davis' failure to pay filing fees. Davis filed another section 2255 motion in the Northern District of Georgia, which that court denied. After his second § 2255 motion was denied, the Superior Court of Fulton County, Georgia, vacated two (2) of Davis' prior state convictions.

In the instant petition, Davis asserts he is entitled to be resentenced because, at the time he was sentenced in the Northern District of Georgia, he was in criminal history category II; however, Davis asserts his criminal history category points should be reduced so that he is in category I based on the vacatur of two (2) of his prior state court convictions. Davis contends § 2255 does not offer an appropriate remedy and that he should be allowed to proceed with his claims under section 2241 because he is "legally, factually, and actually innocent" of his enhanced sentence. (Mem., p. 7 n.2).

Respondent avers that Davis' petition fails and should be dismissed. Respondent contends that Davis has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Respondent also avers section 2241 does not provide a basis for relief to Davis based on the Eleventh Circuit Court of Appeals' decision in Dean v. McFadden, 133 Fed. Appx. 640 (11th Cir. 2005).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 Fed. Appx. 901, 904 (11th Cir. 2006).

Davis has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because he did not have the opportunity to raise his claims earlier since his prior state convictions have been vacated. (Pet., p. 4). Davis also asserts the vacatur of his prior state conviction came after his section 2255 motions and direct appeal were final. (Pet., p. 7).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Davis fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the Northern District of Georgia court, in his

previously filed matters, denied Davis' claims does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective). Davis has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean, 133 Fed. Appx. at 642 (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Accordingly, it is not necessary to address his actual innocence claim. See Wofford, 177 F.3d at 1244 and n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

Davis cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241, nor can he circumvent these requirements by labeling his petition as a challenge to the *execution* of his sentence.[1] See Tomlinson v. Zenk, 2007 WL 2376277, *2 (N.D. Ga. Aug. 16, 2007) (noting the petitioner's characterization of his claims as a challenge to his sentence and that petitioner's claims did not seek to alter a condition of his confinement but were a challenge to the legality of his current sentence and sought to amend the duration of his confinement). "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the

---

[1] The Court notes Davis' reliance on Poole v. Dotson, 469 F. Supp. 2d 329 (D. Md. 2007), as support for his position that his claims fall within the parameters of § 2255's savings clause. However, Poole does not support Davis' claims for at least two (2) reasons. First, the petitioner's prior state court conviction in Poole, which was used to enhance his federal sentence, had been vacated at the time petitioner was sentenced in federal court. Poole, 469 F. Supp. 2d at 338-39. Davis' state court convictions were not vacated until well after he was sentenced in federal court. Second, as stated by the Northern District of Georgia, the Eleventh Circuit's reliance on the Wofford test, and "logic compel the conclusion that the appropriate forum for [petitioner] to seek relief is the court in which [he] was convicted." Tomlinson, 2007 WL 2376277 at * 3. However, to do so, Davis should seek permission from the Eleventh Circuit to file a second or successive section 2255 motion in the Northern District of Georgia. Id.; 28 U.S.C. § 2244.

prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Davis is doing nothing more than "attempting to use § 2241... to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and Davis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of March, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE